IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| ARTHUR DALE GARREN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:05CV00912 SWW |
| | * | |
| TODD MIZE, | * | |
| | * | |
| Defendant. | * | |

**Memorandum Opinion and Order**

Before the Court is a motion for summary judgment filed by defendant to which plaintiff responded. For the reasons stated below, the motion is denied.

**Background**

On or about May 5, 2003, officers with the Conway, Arkansas Regional Drug Task Force received a call from a confidential informant that plaintiff was cooking methamphetamine at his residence at #11 Echo Valley Drive. Defendant Todd Mize, an investigator with the Task Force, and Officer Larry Hearn went to the residence. According to plaintiff, the officers introduced themselves, and told him they had received information from an anonymous caller that there may be criminal activity taking place at his residence. Defendant Mize asked if they could look around. Plaintiff says he told them there was no reason to look around because the caller was probably an ex-girlfriend with whom he had had an "ugly break-up." Apparently, the officers proceeded to look around and, according to Mize, plaintiff walked with them.

Plaintiff alleges Mize started walking up to the house asking about a recent tornado, and when plaintiff said he was going to go in the house, the officers told him not to and told him to

sit in a chair in the front yard.  Plaintiff says Hearn was pointing a gun at the chair where plaintiff was to sit.  Plaintiff alleges Mize then walked around behind the house and came back carrying a HCL generator used in criminal activity.  Plaintiff says he was told he was being arrested and that he should take the officers into the house.  Plaintiff says he refused, and Mize told him not to make him mad by making him go into town to get a warrant to search the house.  Plaintiff alleges that approximately forty-five minutes later, he asked to go in the house to get a drink of water.  Defendant Mize told him he could, and then the officers followed him into the house, allegedly with Hearn pointing a gun at plaintiff's head.  Plaintiff says he was told to sit in a chair while the officers searched the house.   Plaintiff alleges other officers arrived and joined in the search of his house.

Following the search of the residence and grounds, plaintiff was arrested and charged with seven felonies.  He posted bond, was released from detention, and given a court date.  After the state court granted his motion to suppress, the charges against plaintiff were dismissed by an order of *nolle prosequi*.  The state court found the consent upon which the officers based their search was invalid because the officers did not inform plaintiff of his right to refuse their request to search.

On June 23, 2005, plaintiff, proceeding *pro se*, filed a complaint in this Court pursuant to 42 U.S.C. § 1983, claiming the search violated his right to privacy.  On August 5, 2005, he filed an amended complaint, naming Todd Mize as the sole defendant.  Trial of this matter is set for the week of June 26, 2006.  Defendant argues he is entitled to summary judgment on the basis of qualified immunity.  He further argues plaintiff has no proof of any violation other than his unsupported allegations.

**Discussion**

"Summary judgment is warranted if the evidence, viewed in the light most favorable to the nonmoving party, shows that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Bockelman v. MCI Worldcom, Inc.,* 403 F.3d 528, 531 (8th Cir.2005).  To survive a summary judgment motion based on qualified immunity, a plaintiff must assert a violation of a constitutional right, show that this right is clearly established, and raise an issue of material fact as to whether the defendant would have known that the conduct in question violated the clearly established right.  *Habiger v. City of Fargo,* 80 F.3d 289, 295 (8th Cir.1996).  Defendant does not contest that plaintiff has asserted a violation of a constitutional right.  He argues, however, that plaintiff's right to be informed that he has the right to refuse to consent to a search was not clearly established.

"The Fourth Amendment protects '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" *Bd. of Educ. of Indep. Sch. Dist. No. 92 v. Earls,* 536 U.S. 822, 828 (2002) (internal quotations omitted).  As a general rule, the reasonableness requirement obligates law enforcement officers to obtain a judicial warrant, issued only on a showing of probable cause, before conducting a search.  *Skinner v. Ry. Labor Executives' Ass'n,* 489 U.S. 602, 619 (1989).   The Fourth Amendment protection against unreasonable searches does not apply if the property owner voluntarily consents to the search.  *King v. Fletcher,* 319 F.3d 345 (8th Cir. 2003).  "Consent must be given voluntarily and without coercion determined from the totality of the circumstances." *McDonnell v. Hunter,* 809 F.2d 1302, 1310 (8th Cir. 1987).  "'[A] person can render a search legal by behaving in a way that would cause a reasonable person to believe that he or she has knowingly and voluntarily

consented, whether or not the person actually intends to consent.'" *United States v. Lopez-Rodriguez,* 396 F.3d 956, 959 (8th Cir. 2005)(internal citations omitted).

In granting the motion to suppress, the state court recognized that the issue of consent was in dispute. The court found, however, that it was undisputed that the officers failed to inform plaintiff of his right to refuse consent. Citing recent Arkansas Supreme Court decisions, the court found the evidence must be suppressed because the officers, when requesting consent from plaintiff, did not inform him of his right to refuse the request. *See* Ex. 2, Def's. Statement of Facts. Defendant argues that because the law requiring him to inform plaintiff of his right to refuse was not clearly established at the time of the search of plaintiff's residence, he is entitled to qualified immunity.

> At the summary judgment stage, the burden of proof is on the moving party, so the party seeking immunity must first establish the relevant predicate facts. 'Once the predicate facts are established, the reasonableness of the official's conduct under the circumstances is a question of law.' 'In the event that a genuine dispute exists concerning predicate facts material to the qualified immunity issue, the defendant is not entitled to summary judgment on that ground.

*McClendon v. Stone County Sheriff's Office,* 403 F.3d 510, 520 (8th Cir. 2005)(citations omitted).

Based upon the record, the Court finds a genuine issue of material fact exists as to whether plaintiff voluntarily consented to the search of his residence and grounds. Thus, summary judgment is denied on the issue of whether defendant is entitled to qualified immunity.

Defendant further argues he is entitled to summary judgment because he "has offered documented evidence that Plaintiff's constitutional rights were not violated and that the law was clearly established at the time." Def's. Br. in Supp. Mot. Summ. J., IV.C. Defendant

states all plaintiff offers is his self-serving testimony. Neither party has submitted affidavits or sworn testimony in support of their allegations. Thus, given the conflicting accounts, the Court finds there remain genuine issues of material facts in dispute.

## Conclusion

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [docket entry 46] is hereby denied.

DATED this 11th day of May 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT COURT